No. 9940.

CALLAHAN v. FRASER, ET AL.

Decided February 6, 1922.

Action for conveyance of interest in mining property. Judgment of dismissal.

*Affirmed.*

1. PLEADING—*Amendment—Dismissal.* Demurrer to a complaint being sustained, plaintiff was given twenty days to amend and make a tender of the alleged purchase price of an interest in property. Failing to amend and make the tender, the action was properly dismissed.

2. OPTION—*Conveyance of Interest in Property.* The owner of an undivided interest in a mining lease and option is not entitled to the conveyance of an interest in the property on a tender of his proportionate share of the purchase price, the option being for a sale of the entire property.

4. ACCOUNTING—*Right to.* One holding an undivided interest in a mining lease and option, and claiming to be a part owner by right of purchase, is not entitled to an accounting as such owner until he establishes his right to the interest.

*Error to the District Court of Saguache County, Hon. Jesse C. Wiley, Judge.*

Mr. S. M. TRUE, for plaintiff in error.

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, for defendants in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE errors assigned in this case are that the court erred in sustaining demurrers to plaintiff's second amended complaint and in dismissing the action.

The complaint alleged that plaintiff purchased an un-

divided one-eighth interest in a mining lease and option, the remaining interests in which were afterwards purchased by the defendants in the suit, defendants in error here.

It is further alleged in the complaint that plaintiff and defendants, as owners of said lease and option, agreed to take up the option, making full payment of the purchase price of said property; that plaintiff appeared at the appointed place, prepared to pay her portion of said purchase price, but that the other parties did not comply with their agreement in respect to the purchase; that she thereupon tendered to the owner of the property her certified check for $2,500 her share of the purchase price; that thereafter, defendant Fraser, acting in the interest of his co-defendants, purchased the property, subject to the lease and option.

The complaint also alleges that the defendants are operating said property, taking large bodies of ore therefrom. She prays that she may be permitted to pay into court $2,500 for her one-eighth interest, and be adjudged an owner of the property to that extent; and that an accounting be had as to the proceeds of the mine.

When the demurrers were sustained, twenty days were allowed to plaintiff to amend her complaint, and in which to tender into court the sum of $2,500. Plaintiff neither amended her complaint, nor made any tender of the money within the twenty days, or at all. The action was thereupon dismissed.

It is clear that plaintiff's tender to the owner of the property gave her no rights, because the option was not for a sale of an eighth interest, but of the whole property. The contract alleged being one in which payment was a condition precedent, she could not demand a conveyance without tendering payment. This fact is recognized by plaintiff in the prayer of her complaint by asking leave to pay the required sum into court as the basis of her right to the conveyance.

The requirement that she make a tender was justified,

and plaintiff is in no position to complain of it. She had no right to an accounting because she had not yet estabished a right to the interest, and could not do so, until she had tendered to the owners of the property the purchase price of the interest claimed. The defendants, be it observed, are, according to the complaint, the owners of the property, and of the lease and option.

Finding no error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.